# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KEVIN ANDREW BIANCHI, Individually and as Personal Representative of the Estate of KEVIN ALBERT BIANCHI, Deceased; ) ) ) ) | Civil Action No.: |
| RITA BARRIE BIANCHI, Parent and Next Best Friend and Guardian of the Estates of CHRISTOPHER RYAN BIANCHI and JULIA JADE BIANCHI, ) ) ) ) | COMPLAINT AND JURY DEMAND |
| Plaintiffs, ) ) | |
| v. ) ) | |
| SMITHS TUBULAR SYSTEMS-LACONIA, INC. d/b/a TITEFLEX AEROSPACE, and TITEFLEX CORPORATION, ) ) ) ) | |
| Defendants. ) ) | |

NOW COME the Plaintiffs, by and through undersigned counsel, and for their Complaint and Jury Demand, state the following:

## PARTIES AND JURISDICTION

1.     Plaintiff Kevin Andrew Bianchi is the duly appointed Personal Representative of the Estate of Kevin Albert Bianchi, having been appointed by the Probate Court of Hamden County, Massachusetts, on April 22, 2014 (Docket No. HD14P0793EA). The decedent, Kevin Albert Bianchi, died on July 16, 2003, in Palagonia, Italy.

2.     Plaintiff Rita Barrie Bianchi is the duly appointed Guardian of the Estates of the minor children of the decedent, Christopher Ryan Bianchi and Julia Jade Bianchi, having been appointed by the Probate Court of Norfolk County, Virginia on April 18, 2014. Rita Barrie Bianchi is the Parent and Next Best Friend of the decedent's

1

children under New Hampshire law.

3.      Defendant Smiths Tubular Systems – Laconia, Inc. d/b/a Titeflex Aerospace ("Smiths Tubular") is a New Hampshire corporation, with its principal place of business located at 93 Lexington Drive, Laconia, New Hampshire.

4.      Defendant Titeflex Corporation is a Connecticut corporation, with its principal place of business located at 603 Hendee Street, Springfield, Massachusetts.

5.      Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, in that the plaintiffs and the decedent are residents of the Commonwealth of Virginia, defendant Smiths Tubular is organized and has its principal place of business in New Hampshire, defendant Titeflex Corporation is organized in Connecticut and has its principal place of business in Massachusetts, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

6.      General personal jurisdiction exists over Titeflex Corporation because at all relevant times it has engaged in continuous and systematic contacts with the State of New Hampshire, including but not limited to the design, manufacture and sale of fuel line hoses, tubes, and/or belts for use in airplanes and helicopters, and its deriving substantial revenue from the sale of its products in New Hampshire.

7.      Specific personal jurisdiction exists over Titeflex Corporation under the New Hampshire Long-Arm Statute because it committed a tortious act within New Hampshire, it transacts business in New Hampshire, it has sufficient minimum contacts with New Hampshire, and this cause of action arises out of Titeflex Corporation's contacts with New Hampshire.

8.      Venue in this District satisfies the requirements of 28 U.S.C. §1391(d), in that

defendant Smiths Tubular is a resident of this District, and a substantial part of the events and/or omissions giving rise to this litigation occurred in this District.

## GENERAL ALLEGATIONS

### The Titeflex Fuel Lines

9. The defendants, Smiths Tubular and Titeflex Corporation, are engaged in designing, manufacturing, testing, marketing, selling, servicing and supporting fuel hoses, tubes, and/or belts under the brand name Titeflex.

10. The defendants, Smiths Tubular and Titeflex Corporation, designed, manufactured, tested, marketed, sold, serviced, and supported the fuel hoses, tubes, and/or belts installed in a Sikorsky MH-53E helicopter (the subject aircraft) owned and operated by the United States Navy.

11. The fuel hoses, tubes, and/or belts were designed, manufactured, tested and marketed for the general aviation market and were not developed for the military.

12. The fuel hoses, tubes, and/or belts installed in the subject aircraft were defectively designed, failed to perform as intended, and failed of their essential purpose.

### The Crash of the Subject Aircraft

13. On July 16, 2003, the subject aircraft, a Sikorsky MH-53E helicopter, carrying the plaintiffs' decedent crashed approximately ten miles west of a Naval Air Station in Sigonella, Italy, resulting in the death of all passengers on board the aircraft.

14. The crash occurred as a result of a fire in the aircraft's middle engine, which resulted in the failure of one or more of the aircraft's component parts, including the fuel hoses, tubes, and/or belts manufactured by the defendants.

15. As a result of the failure of the fuel hoses, tubes, and/or belts, the heat inside the

3

aircraft's engine compartment compromised the fuel line, allowing raw fuel to make contact with the hot engine, which resulted in a fire.

16.     As a result of the failure of the fuel hoses, tubes, and/or belts and the resulting fire, the plaintiffs' decedent suffered extreme emotional distress and mental anguish due to his knowledge that the aircraft would crash and his death was imminent as the hoses failed and flames erupted from the engines, causing the aircraft to plummet to the ground during the final moments of the decedent's life.

17.     As a result of the failure of the fuel hoses, tubes, and/or belts and the resulting fire, the plaintiffs' decedent died as a result of the severe trauma he sustained when the aircraft impacted the ground.

**COUNT I**
**CAUSE OF ACTION AGAINST SMITHS TUBULAR FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON NEGLIGENCE**

18.     Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

19.     On or before July 16, 2003, and at all other relevant times herein, defendant Smiths Tubular was a designer, manufacturer, and/or distributor of fuel hoses, tubes, and/or belts for use in the fuel line systems of helicopters and airplanes such as the subject aircraft.

20.     On a continuous basis prior to July 16, 2003, and at all other relevant times herein, defendant Smiths Tubular, by and through its officers, agents, employees, servants, joint venturers or partners, inspected, tested, certified, serviced, removed, installed, replaced, overhauled, assembled, modified, altered, repaired, and/or maintained the

fuel hoses, tubes, and/or belts that comprised the fuel line system of the subject aircraft, and sold or otherwise placed the fuel hoses, tubes, and/or belts into the stream of commerce in a defective and unreasonably dangerous condition, which was a cause of the plaintiffs' damages.

21.   On or before July 16, 2003, and at all other relevant times herein, defendant Smiths Tubular owed the decedent a duty of care to inspect, test, check, certify, remove, replace, install, overhaul, service, repair, modify, alter, and/or maintain the fuel hoses, tubes, and/or belts that comprised the fuel line system of the subject aircraft so as to cause it to be in an airworthy condition and capable of sustaining safe flight, and in a reasonable and prudent manner so as to not cause injury or death to occupants and passengers on board the subject aircraft.

22.   Said crash and the resultant damages were proximately caused by the negligence of defendant Smiths Tubular in that it breached its aforesaid duties, carelessly failed to properly inspect and correct dangerous conditions in the fuel hoses, tubes, and/or belts that comprised the fuel lines system in the subject aircraft; negligently and carelessly failed to inspect, test, check, certify, service, repair, remove, replace, install, overhaul, assemble, modify, alter, and otherwise maintain the fuel lines system of the subject aircraft; and were otherwise negligent in the designing, manufacturing, and/or distributing of the fuel hoses, tubes, and/or belts installed for use in the subject aircraft.

23.   As a direct and proximate result of defendant Smiths Tubular's wrongful conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses

including, but not limited to, loss of financial support, contributions and income as a result of the decedent's death; they have and will continue to be wrongfully deprived of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Smiths Tubular-Laconia, Inc. d/b/a Titeflex Aerospace in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

**COUNT II**
**CAUSE OF ACTION AGAINST SMITHS TUBULAR FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON BREACH OF WARRANTY**

24.    Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

25.    On or before July 16, 2003, and at all other relevant times, based on defendant Smiths Tubular's acts of designing, manufacturing, and/or distributing its fuel hoses, tubes, and/or belts into the stream of commerce, defendant Smiths Tubular expressly and/or impliedly warranted and represented that the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft were safe, airworthy, of merchantable quality and were reasonably fit and safe for their general purpose for which they were inspected, installed, overhauled, altered, modified, tested, serviced,

repaired, certified, maintained, and intended to be used, and were otherwise capable of providing passengers and occupants, including the decedent, a safe means by which to store and transport fuel in the subject aircraft.

26.   On or before July 16, 2003, and at all other relevant times, the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft were not safe, airworthy and capable of providing safe transportation.

27.   Plaintiffs' Decedent was a person whom Smiths Tubular should reasonably have foreseen and expected to use or have access to and/or be affected by the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft, and Plaintiffs' Decedent relied upon defendant Smiths Tubular's express and/or implied misrepresentations as alleged above and accepted transportation in the subject aircraft with the defendant's product in place as the fuel lines system.

28.   On or before July 16, 2003, and at all other relevant times, defendant Smiths Tubular breached its warrantees and representations regarding the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft, and the fuel lines system it designed, manufactured, and/or distributed was not reasonably fit and safe for the general and ordinary purposes for which it was intended, and was dangerous and defective.

29.   As a direct and proximate result of defendant Smiths Tubular's wrongful conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of financial support, contributions and income as a result of the decedent's death; they have and will continue to be wrongfully deprived

7

of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Smiths Tubular-Laconia, Inc. d/b/a Titeflex Aerospace in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

## COUNT III
## CAUSE OF ACTION AGAINST SMITHS TUBULAR FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON PRODUCT LIABILITY

30.    Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

31.    On or before July 16, 2003, and at all other relevant times, the fuel hoses, tubes, and/or belts that comprised the subject aircraft's fuel lines system were being used for their ordinary and intended uses by their intended users.

32.    Defendant Smiths Tubular's fuel lines system, which was installed in the subject aircraft on or before July 16, 2003, was unreasonably dangerous and defective in one or more of the following respects:

    a.  As designed and manufactured, it had hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural integrity in certain foreseeable circumstances, such as the fire that occurred in

the subject aircraft's middle engine;

b.  It was distributed and supported with inadequate and deficient warnings concerning the fuel lines system's hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural integrity in certain foreseeable circumstances, such as the fire that occurred in the subject aircraft's middle engine;

c.  It was distributed and supported with inadequate and deficient instructions concerning the fuel lines system's hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural integrity in certain foreseeable circumstances, such as the fire that occurred in the subject aircraft's middle engine;

d.  It was distributed, supported, and maintained with inadequate and deficient maintenance instructions, safety bulletins, and/or other specifications for the inspection and maintenance of the fuel lines system, and inadequate warnings relating thereto;

e.  During the subject flight, certain components of the subject airline's fuel lines system failed and did not function as intended, which resulted in loss of controlled flight and the crash of the accident aircraft; and

f.  The fuel lines system installed in the subject aircraft was otherwise unreasonably dangerous and incapable of maintaining its structural integrity, which rendered it uncontrollable and deadly.

33.  As a direct and proximate result of defendant Smiths Tubular's wrongful conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful

death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of financial support, contributions and income as a result of the decedent's death; they have and will continue to be wrongfully deprived of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Smiths Tubular-Laconia, Inc. d/b/a Titeflex Aerospace in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

## COUNT IV
### CAUSE OF ACTION AGAINST TITEFLEX CORPORATION FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON NEGLIGENCE

34.     Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

35.     On or before July 16, 2003, and at all other relevant times herein, defendant Titeflex Corporation was a designer, manufacturer, and/or distributor of fuel hoses, tubes, and/or belts for use in the fuel line systems of helicopters and airplanes such as the subject aircraft.

36.     On a continuous basis prior to July 16, 2003, and at all other relevant times herein, defendant Titeflex Corporation, by and through its officers, agents, employees,

servants, joint venturers or partners, inspected, tested, certified, serviced, removed, installed, replaced, overhauled, assembled, modified, altered, repaired, and/or maintained the fuel hoses, tubes, and/or belts that comprised the fuel line system of the subject aircraft, and sold or otherwise placed the fuel hoses, tubes, and/or belts into the stream of commerce in a defective and unreasonably dangerous condition, which was a cause of the plaintiffs' damages.

37.     On or before July 16, 2003, and at all other relevant times herein, defendant Titeflex Corporation owed the decedent a duty of care to inspect, test, check, certify, remove, replace, install, overhaul, service, repair, modify, alter, and/or maintain the fuel hoses, tubes, and/or belts that comprised the fuel line system of the subject aircraft so as to cause it to be in an airworthy condition and capable of sustaining safe flight, and in a reasonable and prudent manner so as to not cause injury or death to occupants and passengers on board the subject aircraft.

38.     Said crash and the resultant damages were proximately caused by the negligence of defendant Titeflex Corporation in that it breached its aforesaid duties, carelessly failed to properly inspect and correct dangerous conditions in the fuel hoses, tubes, and/or belts that comprised the fuel lines system in the subject aircraft; negligently and carelessly failed to inspect, test, check, certify, service, repair, remove, replace, install, overhaul, assemble, modify, alter, and otherwise maintain the fuel lines system of the subject aircraft; and were otherwise negligent in the designing, manufacturing, and/or distributing of the fuel hoses, tubes, and/or belts installed for use in the subject aircraft.

39.     As a direct and proximate result of defendant Titeflex Corporation's wrongful

conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of financial support, contributions and income as a result of the decedent's death; they have and will continue to be wrongfully deprived of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Titeflex Corporation in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

### COUNT V
### CAUSE OF ACTION AGAINST TITEFLEX CORPORATION FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON BREACH OF WARRANTY

40.     Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

41.     On or before July 16, 2003, and at all other relevant times, based on defendant Titeflex Corporation's acts of designing, manufacturing, and/or distributing its fuel hoses, tubes, and/or belts into the stream of commerce, defendant Titeflex Corporation expressly and/or impliedly warranted and represented that the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft were safe, airworthy, of merchantable quality and were reasonably fit and safe for their

general purpose for which they were inspected, installed, overhauled, altered, modified, tested, serviced, repaired, certified, maintained, and intended to be used, and were otherwise capable of providing passengers and occupants, including the decedent, a safe means by which to store and transport fuel in the subject aircraft.

42.    On or before July 16, 2003, and at all other relevant times, the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft were not safe, airworthy and capable of providing safe transportation.

43.    Plaintiffs' Decedent was a person whom Titeflex Corporation should reasonably have foreseen and expected to use or have access to and/or be affected by the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft, and Plaintiffs' Decedent relied upon defendant Titeflex Corporation's express and/or implied misrepresentations as alleged above and accepted transportation in the subject aircraft with the defendant's product in place as the fuel lines system.

44.    On or before July 16, 2003, and at all other relevant times, defendant Titeflex Corporation breached its warrantees and representations regarding the fuel hoses, tubes, and/or belts that comprised the fuel lines system of the subject aircraft, and the fuel lines system it designed, manufactured, and/or distributed was not reasonably fit and safe for the general and ordinary purposes for which it was intended, and was dangerous and defective.

45.    As a direct and proximate result of defendant Titeflex Corporation's wrongful conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of financial support, contributions and

income as a result of the decedent's death; they have and will continue to be wrongfully deprived of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Titeflex Corporation in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and for all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

## COUNT VI
### CAUSE OF ACTION AGAINST TITEFLEX CORPORATION FOR WRONGFUL DEATH UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON PRODUCT LIABILITY

46.   Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

47.   On or before July 16, 2003, and at all other relevant times, the fuel hoses, tubes, and/or belts that comprised the subject aircraft's fuel lines system were being used for their ordinary and intended uses by their intended users.

48.   Defendant Titeflex Corporation's fuel lines system, which was installed in the subject aircraft on or before July 16, 2003, was unreasonably dangerous and defective in one or more of the following respects:

   a.   As designed and manufactured, it had hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural

integrity in certain foreseeable circumstances, such as the fire that occurred in the subject aircraft's middle engine;

b.   It was distributed and supported with inadequate and deficient warnings concerning the fuel lines system's hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural integrity in certain foreseeable circumstances, such as the fire that occurred in the subject aircraft's middle engine;

c.   It was distributed and supported with inadequate and deficient instructions concerning the fuel lines system's hazardous and unstable characteristics that rendered it uncontrollable and incapable of maintaining its structural integrity in certain foreseeable circumstances, such as the fire that occurred in the subject aircraft's middle engine;

d.   It was distributed, supported, and maintained with inadequate and deficient maintenance instructions, safety bulletins, and/or other specifications for the inspection and maintenance of the fuel lines system, and inadequate warnings relating thereto;

e.   During the subject flight, certain components of the subject airline's fuel lines system failed and did not function as intended, which resulted in loss of controlled flight and the crash of the accident aircraft; and

f.   The fuel lines system installed in the subject aircraft was otherwise unreasonably dangerous and incapable of maintaining its structural integrity, which rendered it uncontrollable and deadly.

49.   As a direct and proximate result of defendant Titeflex Corporation's wrongful

conduct as previously described and alleged herein, the Plaintiffs and the Decedent's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of financial support, contributions and income as a result of the decedent's death; they have and will continue to be wrongfully deprived of the services, society and comfort that the decedent would have provided, including physical comforts and services, society and emotional comfort; they have and will continue to be wrongfully deprived of the guidance, tutelage and moral support they would have received from the decedent; and they have incurred expenses for funeral, burial, and estate administration costs.

WHEREFORE, each Plaintiff demands judgment against Titeflex Corporation in an amount that fully compensates the Plaintiffs and their Beneficiaries for the wrongful death of the Decedent pursuant to the New Hampshire Wrongful Death Statute, and for all other damages recoverable under New Hampshire law or other applicable law, including interests and costs.

**COUNT VII**
**STATUTORY CLAIM FOR KEVIN ANDREW BIANCHI, INDIVIDUALLY AND AS A MINOR CHILD, FOR LOSS OF FAMILIAL RELATIONSHIP UNDER N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON PARENTAL CONSORTIUM**

50.   Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

51.   As a result of the Defendants' negligence, Kevin Andrew Bianchi, the son of the Decedent who was a minor at the time of the Decedent's death, has lost the familial relationship with his father. At the time of Decedent's untimely death, Kevin enjoyed a strong and loving relationship with his father, and as a result of the

wrongful death of the Decedent, has lost the comfort, society, affection, guidance, and companionship of his father.

52.    By reason of the foregoing, Kevin Andrew Bianchi is entitled to recovery of damages pursuant to the provisions of N.H. REV. STAT. § 556:12(3). All such damages exceed the amount prescribed in N.H. REV. STAT. § 556:12(3).

**COUNT VIII**
**STATUTORY CLAIM FOR CHRISTOPHER RYAN BIANCHI,**
**INDIVIDUALLY AND AS A MINOR CHILD, FOR LOSS OF FAMILIAL**
**RELATIONSHIP UNDER N.H. REV. STAT. § 556:12 OR OTHER**
**APPLICABLE LAW BASED UPON PARENTAL CONSORTIUM**

53.    Plaintiffs hereby incorporate by reference each and every paragraph set forth above as though fully set forth herein.

54.    As a result of the Defendants' negligence, Christopher Ryan Bianchi, the minor son of the Decedent, has lost the familial relationship with his father. At the time of Decedent's untimely death, Christopher enjoyed a strong and loving relationship with his father, and as a result of the wrongful death of the Decedent, has lost the comfort, society, affection, guidance, and companionship of his father.

55.    By reason of the foregoing, Rita Barrie Bianchi, as Parent and Next Best Friend of Christopher Ryan Bianchi, is entitled to recovery of damages pursuant to the provisions of N.H. REV. STAT. § 556:12(3). All such damages exceed the amount prescribed in N.H. REV. STAT. § 556:12(3).

**COUNT IX**
**STATUTORY CLAIM FOR JULIA JADE BIANCHI, INDIVIDUALLY AND**
**AS A MINOR CHILD, FOR LOSS OF FAMILIAL RELATIONSHIP UNDER**
**N.H. REV. STAT. § 556:12 OR OTHER APPLICABLE LAW BASED UPON**
**PARENTAL CONSORTIUM**

56.    Plaintiffs hereby incorporate by reference each and every paragraph set forth above as

though fully set forth herein.

57.     As a result of the Defendants' negligence, Julia Jade Bianchi, the minor daughter of the Decedent, has lost the familial relationship with her father. At the time of Decedent's untimely death, Julia enjoyed a strong and loving relationship with her father, and as a result of the wrongful death of the Decedent, has lost the comfort, society, affection, guidance, and companionship of her father.

58.     By reason of the foregoing, Rita Barrie Bianchi, as Parent and Next Best Friend of Julia Jade Bianchi, is entitled to recovery of damages pursuant to the provisions of N.H. REV. STAT. § 556:12(3). All such damages exceed the amount prescribed in N.H. REV. STAT. § 556:12(3).

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT**

Dated: April 25, 2014

Respectfully submitted,

/s/ *Keriann Roman*
Keriann Roman, NHB #17733
kroman@dwmlaw.com
Thomas R. Watson, NH Bar #2670
twatson@dwmlaw.com
Drummond Woodsum
100 International Dr #340
Portsmouth, NH 03801
(603) 433-3317

-and-

Anthony Tarricone, MA BBO #492480
(Pending Pro Hoc Vice admission)
Christina Graziano, MA BBO #687783
(Pending Pro Hoc Vice admission)
atarricone@kreindler.com
cgraziano@kreindler.com
Kreindler & Kreindler LLP

277 Dartmouth Street
Boston, MA 02116
(617) 424-9100

-and-

Justin T. Green, #JG-0318
(Pending Pro Hoc Vice admission)
jgreen@kreindler.com
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017
(212) 687-8181

-and-

James H. Furman, #07556600
(Pending Pro Hoc Vice admission)
jfurman@byrddavis.com
Byrd Davis Furman & Alden LLP
707 West 34th Street
Austin, Texas  78705
(512) 454-3751